**THE FANO FAMILY OF FAGAALU, by its representatives Faatiliga Tapuvae, Tautai A.F Faalevao, Seanoa B. Fano, Fealofani Shimasaki, Leafu Tilei, and Faagai Fano, Plaintiffs,**

**v.**

**AMERICAN SAMOA GOVERNMENT, ASG HOSPITAL AUTHORITY, ITS CHIEF EXECUTIVE OFFICERTAUFETE'E JOHN FAUMUINA JR., THE HARBOR CONSTRUCTION CO., AND APECS CONSTRUCTION, Defendants.**

High Court of American Samoa
Land and Titles Division

LT No. 34-04

January 28, 2005

Before RICHMOND, Associate Justice, and TAPOPO, Associate Judge.

Counsel: For Plaintiffs Fano Family, Tautai A.F. Faalevao
For Defendants American Samba Government, ASG Hospital Authority, and Taufete'e John Faumuina, Jr., Julie Sione, Assistant Attorney General
For Defendants, The Harbor Construction Co. and Apecs Construction, William H. Reardon

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION

### Introduction

On October 26, 2004, we denied Plaintiffs' application for a preliminary injunction. Because it appeared that the denial effectively resolved all issues raised by the complaint, we also scheduled a hearing to consider dismissal of the entire action. Plaintiffs then moved for reconsideration of the preliminary injunction denial and moved for leave to file an amended complaint. We heard the dismissal issue and Plaintiff's motions on November 22, 2004. On December 8, 2004, we denied plaintiffs' two motions and dismissed the entire action. On December 16, 2004, Plaintiffs next moved to reconsider our decision of December 8, 2004. This motion is appropriate only for purposes of reconsidering the denial of leave to file an amended complaint and dismissal of the entire action. We will not again review the issues reconsidered and denied by the December 8 decision.

In light of Plaintiffs' submissions and statements at the January 18, 2005 hearing on the second reconsideration motion, as they relate to Plaintiffs' tort claim for damages, we now grant Plaintiffs leave to file their amended complaint and restore that cause of action against Defendants.

### Discussion

We have already concluded that Plaintiffs cannot state a cause of action for alleged "harms" caused to condemned land that they no longer own, and Plaintiffs have not presented compelling arguments requiring us to alter or elaborate upon these conclusions. However, to the extent that Plaintiffs' claims of alleged injury to "Fano family land" refers to presently owned family land, that is, land not the subject of condemnation, we are persuaded differently.

 In their proposed amended complaint, Plaintiffs note that under their "third cause of action for damages" they may now pursue a cause of action against ASG within the scope of the Government Tort Liability Act (GTLA). Under the GTLA, a plaintiff, as a prerequisite to filing a claim against the government in court, must submit the claim to the Attorney General for review. A.S.C.A. § 43.1205(a). Only after the Attorney General denies the claim in writing, or fails to address the claim within a three month period, may a plaintiff then file that claim with the court. *Id.* Plaintiffs maintain that they filed their administrative claim on July 21, 2004. Plaintiffs further note that the Attorney General orally denied the claim prior to the three month period, and by October 21, 2004, Plaintiffs did not receive a written denial. We agree that Plaintiffs

have properly satisfied the GTLA exhaustion requirement.

In their proposed amended complaint, as in their original complaint, we now recognize that Plaintiffs effectively allege that during Defendants' current development on the condemned land, Defendants have caused damage to the adjacent Fano family land as a result of altering the course of a stream. Plaintiffs have now made clear in their brief and at hearing that the meaning of "Fano family land" in their complaint does not simply reference the condemned land asserted to belong to the Fano family that we have previously addressed, but additionally includes land that today remains in the Fano family's possession. As such, Plaintiffs may file their amended complaint, adding allegations of the mandatory administrative claim process, solely to pursue their damage claim for the alleged injuries to the Fano family land outside of the condemned land now owned by ASG. All other claims related to the condemned land will not be revisited.

## Order

1. We will not further reconsider the issues included in our denial of Plaintiffs' first motion for reconsideration.

2. Plaintiffs are allowed to file their amended complaint to pursue their tort claim for damages as this claim relates to presently owned Fano family land outside the condemned land. For this purpose, the dismissal of the action is set aside only as it pertains to the tort claim.

3. Plaintiffs' motion for reconsideration of the dismissal of the action is denied with respect to all other causes of action.

It is so ordered.